UHLFELDER Co. *et al. v.* UNITED STATES (No. 1166).[1]

1. "LEAF."

Gold leaf or silver leaf is a very thin piece or sheet of metal which has been reduced to that condition by beating or hammering.

2. THIN SHEETS OF DUTCH METAL IN BOOK FORM.

The leaves of metal in paragraph 175, tariff act of 1909, are such leaves only as singly result from the hammering of the beater and that may be trimmed to dimensions but not united together. The present articles are combinations of leaves, and they were rightly counted as such.

United States Court of Customs Appeals, December 15, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7446 (T. D. 33276).

[Affirmed.]

*Comstock & Washburn* (*George J. Puckhafer*, of counsel) for appellants.
*William L. Wemple*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of excessively thin sheets of Dutch metal or of aluminum put up in books.

---

[1] Reported in T. D. 34005 (25 Treas. Dec., 689).

The collector assessed the same with duty under the following provision of paragraph 175 of the tariff act of 1909:

175.  * * * Bronze, or Dutch metal or aluminum, in leaf, six cents per one hundred leaves.

It is conceded by the importers that the merchandise bears the foregoing classification, and the only issue in the case relates to the proper method of computing the leaves for assessment.

The appraiser reported that each book contained 25 double leaves. Accordingly every such book was counted for assessment at 50 leaves, upon the holding that each double leaf consisted of two leaves united, within the intent of the provision. The importers duly protested, claiming that each so-called double leaf was actually and legally a single leaf and should be so assessed. The protest was heard upon evidence by the Board of General Appraisers and was overruled. The importers now appeal from that decision.

The size of the sheets in question is $5\frac{1}{2}$ by $11\frac{3}{4}$ inches each. The Government chemist reported that each piece is composed of two or more pieces joined together, and that the pieces are coated with a small amount of substances soluble in part in alcohol and in water, respectively. The same chemist, when called as a witness by the Government, testified as follows:

Q. Did you make a close examination of the samples?—A. Yes, sir.

Q. Please tell the board what you found?—A. I found each piece to consist of two or more pieces joined together.

Q. In what manner joined together?—A. Joined together probably by rolling or pressure.

Q. Did you find anything else on the samples?—A. Yes, sir; one side contains a little substance soluble in alcohol of resinous character; the other side contains some little substance, something adhesive soluble in water.

This testimony is undisputed.

It appears from the evidence that the first process in the manufacture of the present article is the beating or hammering of a small piece of metal into a single thin sheet, which is generally trimmed into a square form. Thereupon a number of these single sheets, in the present case two, are joined together, end to end, into a larger sheet by means of pressure possibly aided by the solution above referred to. This united sheet is the article now at bar.

The sole inquiry in the case is whether or not the united sheet thus described shall be counted at assessment as one sheet or as two. The following quotations will aid in this inquiry:

Oxford Dictionary:

*Dutch.* * * * 3. b. * * * Dutch foil, gold, gilt, gilding, leaf, metal, a very malleable alloy of 11 parts of copper and 2 of zinc beaten into thin leaves, and used as a cheap imitation of gold leaf.

*          *          *          *          *          *          *

*Gold leaf.* * * * A minute quantity of gold, beaten out into an extremely thin sheet, averaging from 3 to $3\frac{1}{2}$ inches square. * * *

Standard Dictionary:

*Silver.* \* \* \* s. Leaf, very thin silver-foil.  s.-Foil, silver beaten to a thin leaf.

International Encyclopaedia:

*Gold beating.* The process by which gold is hammered into thin leaves.  \* \* \*

Century Dictionary:

*Leaf.* \* \* \* A very thin sheet of hammered metal; foil: as gold leaf.

See Encyclopaedia Britannica: Article, "Gold beating."

It may be noted that in paragraphs 177 and 178 of the act of 1909 provision is made *eo nomine* for gold leaf and silver leaf also.

The foregoing authorities sustain the claim that the word "leaf," when conjoined with the names of the metals now in question, signifies a very thin piece or sheet of metal which has been reduced to that condition by beating or hammering.  The word is an ancient one in the language; and the art itself is an ancient one in history.  The authorities limit the application of the term to the single sheet which individually results from the beating or hammering process to which a piece of metal is subjected.  Such individual sheets must necessarily be small in superficial dimensions; just what the limitations are in respect to Dutch metal or aluminum does not appear.

The term "leaf" was used in preceding tariff revisions in the same manner as in the act of 1909, and there is nothing in the evidence tending to withdraw it from the common dictionary meaning above given.

It appears, however, from the evidence that since the enactment of the tariff revision of 1909, or very shortly prior thereto, the importers first began to import the present united sheets, claiming assessment of them as single leaves under the foregoing provisions of the act.  It is stated that such sheets are made in various sizes, of which $11\frac{1}{2}$ by 13 inches is the standard size.  As has been stated, the present importations are $5\frac{1}{2}$ by $11\frac{3}{4}$ inches in size.  It seems certain that each of these sizes is quite in excess of the practicable size of single beaten leaves, and it is obvious that the united sheets could be increased almost indefinitely in dimensions.  For example, a roll could be made, small in width but of great length, constituting a single continuous sheet.  It appears in the testimony that such rolls are in fact produced by the manufacturer of the present article, which rolls are 100 yards each in length and are used for cigar tips.  If such a piece is entitled to assessment as a single "leaf," then the duty of 6 cents per 100 leaves is practically abrogated.

Upon the foregoing facts and considerations the court reaches the conclusion that the leaves of metal named in paragraph 175 are intended to be such leaves only as singly result from the hammering of the beater, which leaves may be trimmed to dimensions, but not united together.  No other limitation of size is suggested, nor is there authority for any other.  Accordingly the present articles are

not themselves single leaves, but are combinations of leaves, and the collector was right in so counting them.

The decision of the board sustaining the assessment is *affirmed*.